IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERCY COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 1:12-cv-07836 |
| v. ) | |
| ) | |
| OFFICER KOSELUH, #143, LIEUTENANT ) | |
| BAILEY, 219, SERGEANT LUNDY, #222, ) | |
| UNKNOWN RIVERDALE POLICE ) | |
| OFFICERS, and the VILLAGE ) | |
| OF RIVERDALE, ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES the Plaintiff, PERCY COLEMAN, by and through his attorneys, April D. Preyar and the Shiller Preyar Law Offices, complaining of the Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

### THE PARTIES

1

4. PERCY COLEMAN is a United States citizen who resides in the Northern District of Illinois.

5. Defendant Village of Riverdale police officers Koseluh (Badge #143), Lieutenant Bailey (Badge # 219), Sergeant Lundy (Badge #222), and Unknown Village of Riverdale Police Officers (referred to herein as "Defendant Officers") are present or former employees of the Village of Riverdale Police Department. They engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant Village of Riverdale is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers. At all times relevant hereto, all Defendant Officers were acting under the color of law and within the scope of their employment with Defendant Village of Riverdale.

## BACKGROUND

7. On April 30, 2012, PERCY COLEMAN was 70 years old.

8. On April 30, 2012, COLEMAN was at his place of business, the Café Peninsula, also known as "Unity Hall Café," located at 13350 S. Halsted, Riverdale, Illinois.

9. The Café Peninsula is a food establishment which is licensed to do business in The Village of Riverdale, State of Illinois.

10. On April 30, 2012, COLEMAN had owned the establishment at that location for more than six years.

11. COLEMAN served as an elected G.O.P. Committeeman of the 34th Ward in Chicago, Illinois.

12. COLEMAN was employed as a State Certified Parole Officer for the Illinois Department of Corrections.

13. At all times relevant to this complaint, COLEMAN possessed a valid firearm owner's identification card.

14. At all times relevant to this complaint, COLEMAN possessed a valid Illinois Parole Agent Concealed Carry Weapons Permit.

15. On April 30, 2012, Plaintiff COLEMAN's son, Phillip Coleman, was hosting a comedy event at the Café Peninsula.

16. At some point that evening, Riverdale Police Officer Koseluh and unknown officers arrived at Café Peninsula.

17. The officers announced that the building was being closed down.

18. At the time police officers arrived, patrons and employees of the café, were present inside of the Café Peninsula.

19. COLEMAN was preparing to take his diabetes medication when a security guard called COLEMAN to the entrance to respond to Riverdale Police officers.

20. The security guard informed COLEMAN that police officers threatened to close the Café Peninsula for failure to have a business license.

21. COLEMAN did not take his medication. Rather, he relocated to the entrance to speak with the police officers.

22. As COLEMAN walked towards the entrance, he was met by Defendant Officer Koseluh and an unknown officer.

23. Defendant Officer Koseluh asked COLEMAN who was in charge.

24. COLEMAN informed Defendant Officer Koseluh that he owned the business.

25. COLEMAN asked by whose authority were the officers planning to close the establishment.

26. Defendant Officer Koseluh stated that the Fire Chief sent them because of an alleged licensing violation.

27. COLEMAN asked Defendant Officer Koseluh to produce official paperwork to explain the nature of the alleged violation.

28. COLEMAN sent his son, Phillip Coleman, to retrieve the business license and form showing that the café passed its most recent building inspection.

29. COLEMAN asked Defendant Officer Koseluh to call a police supervisor to the café.

30. Defendant Officer Koseluh did not call for a supervisor.

31. Defendant Officer Koseluh asked who else was in charge other than COLEMAN.

32. COLEMAN again identified himself as the owner of the business.

33. Defendant Officer Koseluh asked if COLEMAN was a police officer.

34. COLEMAN responded that he was a peace officer.

35. Defendant Officer Koseluh asked why COLEMAN was impersonating a police officer.

36. COLEMAN responded that he was a participant in the comedy show.

37. Defendant Officer Koseluh struck COLEMAN in the head and grabbed a skull cap off of COLEMAN's head.

38. Defendant Officer Koseluh informed COLEMAN that he was being arrested for impersonating a police officer and for wearing body armor.

39. Defendant Officer Koseluh asked if COLEMAN had a weapon.

40. COLEMAN responded that he was armed.

41. Defendant Officer Koseluh called an unknown officer to assist him.

42. COLEMAN opened his coat to show the weapon to the officers.

43. Defendant Officer Koseluh grabbed COLEMAN's arm and twisted it behind his back.

44. Defendant Officer Koseluh bent COLEMAN over and pushed COLEMAN's face onto the counter.

45. Defendant Officer Koseluh pushed COLEMAN'S face down onto the counter

46. Defendant Officer Koseluh handcuffed both of COLEMAN's wrists together behind his back.

47. Defendant Officer Koseluh tightened the handcuffs, cutting off the circulation to COLEMAN's hands.

48. Defendant Officer Koseluh again bent COLEMAN over.

49. Defendant Officer Koseluh removed COLEMAN'S weapon.

50. Defendant Officer Koseluh ushered COLEMAN out of the café, while still bending COLEMAN's body over.

51. Defendant Officer Koseluh escorted COLEMAN to the marked police car.

52. Defendant Officer Koseluh pushed COLEMAN into the back-seat of the squad car.

53. While seated in the police car, COLEMAN and his son asked that COLEMAN be allowed to have water to take his diabetes medication.

54. COLEMAN was not allowed to take his medication.

55. COLEMAN was not provided with medical treatment.

56. Defendant Officer Koseluh taunted COLEMAN by pouring small drops of water into his mouth, while COLEMAN remained handcuffed behind his back.

57. COLEMAN was finally released approximately forty-five minutes later.

58. As a result of Defendant Officer Koseluh's actions, COLEMAN suffered humiliation, numbness and pain to his hands, pain to his left elbow and back.

59. After being released from custody, COLEMAN received medical treatment for his injuries.

60. COLEMAN underwent physical therapy for his injuries.

61. COLEMAN was released without being charged with any crime.

62. COLEMAN received a Village Ordinance violation ticket three days later in the mail.

## COUNT I

### 42 U.S.C. § 1983 – Excessive Force # 1

63. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

64. Defendant Officer Koseluh inflicted violence upon Plaintiff that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances when he threw him face down against the counter and handcuffed him.

65. When inflicting violence upon Plaintiff, Defendant Officer Koseluh was acting "under color of state law."

66. The actions of Defendant Officer Koseluh in inflicting violence upon Plaintiff were willful, intentional, malicious, and/or done with a reckless indifference and callous disregard for his rights, amounting to an abuse of power that shocks the conscience.

67. As a result of excessive force inflicted by Defendant Officer Koseluh, Plaintiff sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiff demands judgment against the Defendant Officer Koseluh for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT II

### 42 U.S.C. § 1983 – Excessive Force # 2

68. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

69. Defendant Officer Koseluh inflicted violence upon Plaintiff that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances when Defendant Koseluh struck Plaintiff in the head and forcibly removed Plaintiff's skull-cap.

70. When inflicting violence upon Plaintiff, Unknown Defendant Officer Koseluh was acting "under color of state law."

71. The actions of Defendant Unknown Officer Koseluh in inflicting violence upon Plaintiff were willful, intentional, malicious, and/or done with a reckless indifference and callous disregard for his rights, amounting to an abuse of power that shocks the conscience.

72. As a result of excessive force inflicted by Defendant Unknown Officer Koseluh, Plaintiff sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiff demands judgment against Unknown Defendant Officer Koseluh for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT III

### 42 U.S.C. § 1983 – Excessive Force # 3

73. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

74. Defendant Officer Koseluh inflicted violence upon Plaintiff that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances when he bent COLEMAN over and ushered him out of the café and to the squad car.

75. When inflicting violence upon Plaintiff, Defendant Officer Koseluh was acting "under color of state law."

76. The actions of Defendant Officer Koseluh in inflicting violence upon Plaintiff were willful, intentional, malicious, and/or done with a reckless indifference and callous disregard for his rights, amounting to an abuse of power that shocks the conscience.

77. As a result of excessive force inflicted by Defendant Officer Koseluh, Plaintiff sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiff demands judgment against the Defendant Officer Koseluh for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT IV

### 42 U.S.C. § 1983 – Failure to Intervene

78. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

79. Defendant Unknown Officers had a reasonable opportunity to prevent the use of excessive force against Plaintiff and prevent his injuries, but failed to do so.

80. As a result of the Defendant Unknown Officers' failure to intervene, Plaintiff has suffered physical and emotional injuries.

81. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Unknown Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT V

### 42 U.S.C. § 1983 – False Arrest/Unreasonable Seizure

82. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

83. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

84. The actions of the Defendant Officer Koseluh, described above, whereby he knowingly arrested Plaintiff without probable cause or any other justification constituted deliberate indifference to his rights under the U.S. Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

85. As a result of the false arrest, Plaintiff was injured, including loss of liberty, emotional damage, and legal fees.

86. The actions of the Defendant Officer Koseluh were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such other and further relief that this Honorable Court deems just.

## COUNT VI

**42 U.S.C. § 1983 – Failure to Provide Medical Attention**

87. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

88. Plaintiff had a serious need for medical attention due to his health problems, including diabetes and a heart condition, and due to Defendant Officers' use of excessive force against him.

89. Plaintiff requested medical treatment.

90. Defendant Officers were deliberately indifferent to this serious medical need by failing to take Plaintiff to the hospital and preventing access to his medication.

9

91. This misconduct by Defendant Officers caused harm to Plaintiff.

92. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VII

### State Claim - Intentional Infliction of Emotional Distress

93. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

94. The acts and conduct of Defendant Officers, as set forth above, was extreme and outrageous.

95. In particular, the conduct of Defendant Officers in inflicting bodily harm upon Plaintiff while he was handcuffed and posing no threat placed Plaintiff in a state of anxiety, fear, and humiliation, and caused physical pain and severe emotional distress.

96. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

97. The conduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

98. Said actions and conduct caused Plaintiff extensive grief and suffering by the unwarranted excessive force.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT VIII

### State Claim – Assault # 1

99. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

100. Acting under color of law, the Defendant Officer Koseluh denied Plaintiff's rights by assaulting him.

101. Plaintiff believed that he was in danger of being battered by Defendant Officer Koseluh.

102. Plaintiff's belief of an imminent battery was reasonable.

103. Any reasonable person would also have become apprehensive in the face of Defendant Officer Koseluh's threatening conduct in the cafe.

104. Defendant Officer Koseluh's conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officer Koseluh for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

### COUNT IX

### State Claim – Assault # 2

105. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

106. Acting under color of law, the Defendant Officers denied Plaintiff's rights by assaulting him.

107. Plaintiff believed that he was in danger of being battered by Defendant Officer Koseluh.

108. Plaintiff's belief of an imminent battery was reasonable.

109. Any reasonable person would also have become apprehensive in the face of Defendant Officer Koseluh's threatening conduct while Plaintiff was seated in the police car.

110. Defendant Officer Koseluh's conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

   WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT X

### State Claim – Battery # 1

111. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

112. Without the consent of Plaintiff, Defendant Officer Koseluh intentionally, harmfully, and offensively touched Plaintiff by using excessive force on him when he struck Plaintiff in the head.

113. Defendant Officer Koseluh's conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

   WHEREFORE, Plaintiff demands judgment against Defendant Officer Koseluh for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT XI

### State Claim – Battery # 2

114. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

115. Without the consent of Plaintiff, Defendant Unknown Officers intentionally, harmfully, and offensively touched Plaintiff by using excessive force on him twisted his arm behind his back and pushed his face into the counter.

116. Defendant Officers' conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT XII

### Indemnity Claim - 745 ILCS 10/9-102

117. Plaintiff re-alleges and incorporates all previous paragraphs.

118. Defendant Village of Riverdale is the employer of Defendant Officers.

119. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the Village of Riverdale.

120. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

121. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Village of Riverdale be found liable for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorneys' fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT XIII

### *Respondeat Superior* Liability for State Law Claims Against Individual Officers

122. Plaintiff re-alleges and incorporates all previous paragraphs.

123. Defendant Village of Riverdale is the employer of Defendant Officers.

124. Defendant Village of Riverdale is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

125. The acts of Defendant Officers described in the state law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant Village of Riverdale.

126. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendant Village of Riverdale for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

PERCY COLEMAN

By One of His Attorneys:

s/ April D. Preyar

April D. Preyar
The Shiller Preyar Law Offices
1100 W. Cermak Road, Suite B401
Chicago, IL 60608
(773) 907-0940